Case 1:22-cv-02768-LAK  Document 38  Filed 11/15/22  Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-7-2022
```

| | |
|---|---|
| FCP ENTERTAINMENT PARTNERS, LLC, <br><br>   Petitioner, <br><br> v. <br><br> HAL LUFTIG COMPANY, INC. and <br> HAL LUFTIG, <br><br>   Respondents. | Civil Action No. 22-cv-02768-LAK <br><br> Action No. 1 |
| HAL LUFTIG, <br><br>   Petitioner, <br><br> v. <br><br> FCP ENTERTAINMENT PARTNERS, LLC <br><br>   Respondent. | Civil Action No. 22-cv-03697-LAK <br><br> Action No. 2 |

## [PROPOSED] FINAL JUDGMENT

LEWIS A. KAPLAN, District Judge:

In accordance with the orders filed during the pendency of the above-captioned case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

**IT IS ORDERED, ADJUDGED, AND DECREED** that for the reasons set forth in the Court's Opinion and Order dated October 26, 2022 ((Action No. 1, Dkt 33; Action No. 2, Dkt 28)), final judgment is hereby entered for FCP Entertainment Partners, LLC ("FCP") and against Hal Luftig Company, Inc. ("HLC") and Hal Luftig, ("Luftig") recognizing and confirming in all respects the April 1, 2022 final arbitration award (the "Final Award") rendered by the arbitrator in

1

in the arbitration captioned *as FCP Entertainment Partners v. Hal Luftig Company*, Inc. and Hal Luftig, AAA Case No. 01-19-0002-5183 (Action No. 1, Dkt 13-10).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that FCP's Amended Verified Petition to Confirm the Arbitration Award (Action No. 1, Dkt 21) is hereby **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Luftig Amended Verified Petition to Vacate the Arbitration Award (Action No. 2, Dkt 14) is hereby **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED**, as found in the Final Award, that HLC and Luftig, jointly and severally, shall pay $2,638,925.78 to FCP.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED**, as found in the Award, that FCP shall pay $6,250.00 to HLC/Luftig.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED**, as found in the Final Award, that FCP is entitled to 55% share of future net income in in relation to the production of *Kinky Boots* (i.e., beyond the $2,638,925.78 which is currently due pursuant to paragraph 1 of the Award (Action No. 1, Dkt 13-10, at p. 4)).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED**, as found in the Final Award (Action No. 1, Dkt 13-10, at pp. 4-5), that FCP is entitled to 55% share of future net income in relation to the production of *Kinky Boots* (i.e., beyond the $2,638,925.78 which is currently due pursuant to paragraph 1 of the Final Award), calculated under the Waterfall Provision of paragraph 6 of the 2007 Agreement and shall be paid to the Claimant directly from the source pursuant to the following letter of direction ("LOD"):

> "FCP Entertainment Partners, LLC, a Nevada limited liability company ("FCP") and Hal Luftig Company, Inc., a New York corporation ("HLC") do hereby instruct the managers of Kinky Boots, LLC, Kinky Boots Tour, LLC, Kinky Boots, LLC and KB Licensing, LLC and all other Kinky Boots associated entities (collectively, the "Companies" and each is a "Company") to which HLC holds any membership units, equity (if any) and/or is entitled to any revenue source

2

whatsoever related to Kinky Boots, whether it be fees, royalties, or otherwise (collectively referred to here as "Membership Interests") that as of January 1, 2022 HLC does irrevocably assign to FCP : (i) Fifty-Five percent (55%) of HLC's Membership Interest including any financial equity interests in the Companies, including all rights, title and interest associated therewith including the right to Adjusted Net Profits and (ii) Fifty-Five percent (55%) of HLC's Producer Entitlements including all rights to fees, advances, distributions and royalties with respect to each of the Companies. As used herein, "Producer Entitlements" shall mean all payments to which HLC is entitled to receive from all Companies other than those arising from HLC's ownership of Membership Units in any Company. HLC hereafter shall be considered to own a Forty-Five percent (45%) interest in HLC's Membership Interests and a Forty-Five percent (45%) interest in HLC's Producer Entitlements.

Similarly, all tax allocations shall be made in accordance with such relative proportions, and K-1s, 1099s or other reports shall be issued to HLC and FCP to reflect their respective proportions of the Companies' net income, net loss, payments, distributions and other tax effects. The parties hereby so instruct the managers of the Companies and agree that such instructions will be irrevocable absent written instructions signed by both HLC and FCP or a court order. For the avoidance of uncertainty, notwithstanding the foregoing, (i) all management rights associated with Membership Interests shall remain with HLC, and (ii) the financial equity interests and corresponding distributions described herein will be net of currently existing co-producer obligations. For clarity, to the extent HLC previously assigned 55% of portions of its financial equity interests to FCP, those arrangements are to remain in place, and HLC retained financial equity interests are not to be further divided pursuant hereto.

Each manager of the Companies is hereby requested and instructed to: (i) direct all communications including, but not limited to, appropriate year-end tax forms to FCP at P.O. Box 19688, Reno, NV 89511 and to HLC at: 117 West 17th Street, Suite #2C, New York, NY 10011 or such other address as the officers of FCP or HLC may direct."

**IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED,** as found in the Final Award (Action No. 1, Dkt 13-10, at p. 5), that HLC and Luftig shall immediately send a copy of the LOD to the Companies specified in the LOD by certified mail return receipt requested or by such other carrier (e.g., Federal Express) which can provide proof of service, all copies of which shall be immediately provided to FCP.

3

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED.

Dated: ~~November~~ , 2022
December 7

_____
LEWIS A. KAPLAN
United States District Judge